### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

Docket Number(s): 23-1337 _____       Caption [use short title] _____

Motion for: Certification of Questions of Law to the _____

Connecticut Supreme Court _____

_____

_____

Set forth below precise, complete statement of relief sought:

Plaintiffs-Appellants move for an order certifying a question ___

of Connecticut Law to the Connecticut Supreme Court: Whether ___

the District Court erred in holding that the Connecticut General ___

Assembly implicitly and silently "intended to incorporate ___

both the FLSA and the [federal Portal to Portal Act] when ___

enacting its overtime scheme" _____

Javier Del Rio, et al.

v.

Amazon.com Services, Inc.

MOVING PARTY: Javier Del Rio, et al. _____    OPPOSING PARTY: Amazon.com Services, Inc. _____

    ■ Plaintiff        ☐ Defendant

    ■ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Richard E. Hayber _____    OPPOSING ATTORNEY: Daniel B. Klein _____

          [name of attorney, with firm, address, phone number and e-mail]

Hayber, McKenna & Dinsmore, LLC _____    Seyfarth Shaw LLP _____

750 Main Street, Suite 904 _____    Seaport East, Two Seaport Lane, Suite 1200 _____

Hartford, CT 06103 _____    Boston, MA 02210 _____

Court- Judge/ Agency appealed from: District Court for the District fo Connecticut // Hon. Kari A. Dooley _____

**Please check appropriate boxes:**          **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):

   ■ Yes    ☐ No (explain):_____

Has this request for relief been made below?    ☐ Yes   ☐ No

Has this relief been previously sought in this court?    ☐ Yes   ☐ No

Requested return date and explanation of emergency: _____

_____

Opposing counsel's position on motion:

   ☐ Unopposed   ■ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:

   ■ Yes    ☐ No    ☐ Don't Know

_____

_____

Is the oral argument on motion requested?    ☐ Yes   ■ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?    ☐ Yes   ■ No  If yes, enter date:_____

Signature of Moving Attorney:

_____ Date: 1/10/2024 _____    Service : ■ Electronic    ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# No. 23-1337

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**JAVIER DEL RIO, COLIN MEUNIER, and AARON DELAROCHE,** *on behalf of themselves and other similarly situated Employees***,**

Plaintiffs - Appellants,

v.

**AMAZON.COM.DEDC, LLC, AMAZON.COM, INC., AMAZON.COM SERVICES, LLC**

Defendants – Appellees,

**AMAZON.COM SERVICES, INC.,**

Defendant.

On Appeal from the United States District Court
For the District of Connecticut
Case No. 3:21-cv-01152-KAD
The Honorable Kari A. Dooley

**PLAINTIFF-APPELLANTS' MOTION TO CERTIFY QUESTIONS OF LAW TO THE CONNECTICUT SUPREME COURT**

Richard E. Hayber, Esq.
**HAYBER, McKENNA & DINSMORE, LLC**
750 Main Street, Suite 904
Hartford, CT 06103
Tel. (860) 522-8888
rhayber@hayberlawfirm.com

*Attorney for Plaintiffs-Appellants*

1

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................2

TABLE OF AUTHORITIES............................................................................3

QUESTION FOR CERTIFICATION .........................................................5

INTRODUCTION ........................................................................................6

BACKGROUND ..........................................................................................7

ARGUMENT ................................................................................................9

CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

*Amaya v. DGS Construction, LLC*
479 Md. 515 (2022) .........................................................................13

*Anderson v. Mt. Clemens Pottery*
328 U.S. 680 (1946)....................................................................... 7-8

*Anderson v. State, Dep't of Soc. & Health Servs.*
63 P.3d 134, 136 (Wash. App. 2003) .................................................13

*Buero v. Amazon.com Servs., Inc.*
21 F.4th 623, 626 (9th Cir. 2021) ......................................................12

*Buero v. Amazon.com Servs., Inc.*
370 Or. 502 (2022).....................................................................12, 13

*Gutierrez v. Smith*
702 F.3d 103, 116 (2d Cir. 2012) .........................................................6

*In re Amazon.com, Inc.*
942 F.3d 297, 304 (6th Cir. 2019).................................................. 11-12

*In re: Amazon.com, Inc.*
255 A.3d 191, 202 (Pa. 2021) ...........................................................13

*Integrity Staffing Sols., Inc. v. Busk*
574 U.S. 27, 35 (2014).......................................................................7

*Khan v. Yale Univ.*
27 F.4th 805, 818 (2022).............................................................. 13-15

*Morillion v. Royal Packing Co.*
22 Cal.4th 575 (2000) .....................................................................13

*Munn v. Hotchkiss School*
795 F.3d 324, 334 (2d Cir. 2015)......................................... 6, 10-11

*Parrot v. Guardian Life Ins. Co. of Am.*
338 F.3d 140, 144 (2d Cir.2003).................................................6, 14
273 Conn. 12 (2005) .........................................................................6

*Roberts v. State*
    253 Ariz. 259, 270 (2022) ......................................................................13

*Segura v. J.W. Drilling, Inc.*
    355 P.3d 845, 848 (N.M. App. 2015) ...................................................13

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*
    321 U.S. 50 (1944) ...................................................................................7

## Statutes and Regulations

Fed. R. App. P. 27 ..........................................................................................5

2d Cir. Local R. 27.2 ................................................................................5-6, 9

29 U.S.C. Sec. 251 *et seq.* ..................................................................... 7, 9-10

29 U.S.C. § 254(a)(1)-(2) .........................................................................*passim*

C.G.S § 31-72 ...........................................................................................10, 12

C.G.S. § 31-76b(2)(A) ........................................................................6-7, 9-10

C.G.S. § 51–199b(d) ......................................................................................9

43 Pa. Cons. Stat. § 333.101 *et seq.* ................................................... 11-12

## QUESTION FOR CERTIFICATION

Pursuant to Fed. R. App. P. 27 and Local Rule 27.2, Plaintiffs-Appellants respectfully move this Court for an order certifying the following question of Connecticut law to the Connecticut Supreme Court:

> *Whether the District Court erred in holding that the Connecticut General Assembly implicitly and silently "intended to incorporate both the [Fair Labor Standards Act ("FLSA")] and the [federal Portal to Portal Act, 29 U.S.C. § 251, et. seq.] when enacting its overtime scheme."* **A124-126**.

## I.    INTRODUCTION

"Our court rules and Connecticut law enable us to certify a question to the Supreme Court of Connecticut 'if the answer may be determinative of an issue' in a case before us and 'if there is no controlling appellate decision, constitutional provision or statute.'" *Munn v. Hotchkiss School*, 795 F.3d 324, 334 (2d Cir. 2015) (quoting Conn. Gen. Stat. § 51–199b(d)); *see also* 2d Cir. Local R. 27.2. "Certification is especially important in categories of cases where, unless there is certification, the state courts are substantially deprived of the opportunity to define state law." *Id.* (quoting *Gutierrez v. Smith,* 702 F.3d 103, 116 (2d Cir. 2012)). "We have 'long recognized that state courts should be accorded the first opportunity to decide significant issues of state law through the certification process,' and that, especially where the issues 'implicate[ ] the weighing of policy concerns, principles of comity and federalism strongly support certification.'" *Id.* (quoting *Parrot v. Guardian Life Ins. Co. of Am.,* 338 F.3d 140, 144 (2d Cir.2003), *certified question answered,* 273 Conn. 12 (2005)).

Here, the issue is whether the District Court erred in holding that Connecticut's General Assembly intended for the provisions of the Federal Portal to Portal Act ("PTPA") to apply to the definition of "hours worked" contained in C.G.S. § 31-76b(2)(A). If the District Court erred, the time Defendants "required [Plaintiffs] to be on the employer's premises" to undergo post-shift security

screenings is compensable, and Plaintiffs will win this case. No Connecticut court has answered this question. Certifying this question to the Connecticut Supreme Court will allow it to decide this significant issue of state law.

## II.   BACKGROUND

This is the Connecticut version in a line of cases pending around the country. This case, like many others, seeks unpaid wages for the time employers require workers "to be on the employer's premises" to walk across large warehouses and undergo security screenings. The oldest such cases are the decisions of the U.S. Supreme Court in *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 50 (1944) and *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680 (1946) under the FLSA.

In *Mt. Clemens*, the Supreme Court held that "the time necessarily spent by the employees in walking to work on the employer's premises … was working time[.]" 328 U.S. at 691. In 1947, Congress enacted the PTPA, in response to those rulings. The PTPA expressly made the time spent "walking, … to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and activities which are preliminary to or postliminary to such principal activity or activities[]" not compensable. 29 U.S.C. § 254(a)(1)-(2).

In 1967, Connecticut's General Assembly enacted C.G.S. § 31-76b(2)(A). It defined "hours worked" to "include all time during which an employee is required by the employer to be on the employer's premises[.]" In doing so, the General Assembly codified the Supreme Court's holding in *Mt. Clemens* into its wage statutes. *See* 328 U.S. at 690-91 ("Since the statutory workweek includes all time during which an employee is necessarily required to be on the employer's premises, … the time spent in these activities must be accorded appropriate compensation.").

In *Integrity Staffing Sols., Inc. v. Busk*, the United States Supreme Court held that time Amazon warehouse workers spent undergoing mandatory security screenings was not compensable under the FLSA because such activities were "noncompensable postliminary activities[]" under the PTPA. 574 U.S. 27, 35 (2014). After *Busk*, employees pressed their claims under state law, arguing that their states' legislatures never adopted the PTPA or enacted their own versions of that law.

Plaintiffs filed this lawsuit in August 2021, alleging that the time Amazon "require[s]" its warehouse workers "to be on the employer's premises" after clocking out to comply with its mandatory security screening procedures is compensable under Connecticut law. Amazon moved for summary judgment arguing that Connecticut implicitly adopted the PTPA into its wage laws. Plaintiffs opposed, arguing that the Connecticut General Assembly never implicitly adopted

the PTPA. On September 20, 2023, the District Court granted Amazon's motion for summary judgment. It held that while "the Connecticut legislature did not expressly incorporate the PTPA into Connecticut's wage law … the Connecticut legislature intended to incorporate both the FLSA and the PTPA when enacting its overtime scheme." **A124**. This appeal followed.

## III.   ARGUMENT

Federal Courts should certify questions to the Connecticut Supreme Court "if the answer may be determinative of an issue" in a case before us and "if there is no controlling appellate decision, constitutional provision or statute." Conn. Gen.Stat. § 51–199b(d)[1]; *see* 2d Cir. Local R. 27.2[2].

Here, the answer to the proposed certified question will determine the liability issue in this case. Plaintiffs allege that the time Amazon "required [them] to be on the employer's premises" to undergo security screenings is compensable under the expressed language of C.G.S. § 31-76b(2)(A). Amazon admits that it required Plaintiffs (and every class member) to clock out, then walk to the security screening area, wait for, and then undergo a security screening before they could

---

[1] "The Supreme Court may answer a question of law certified to it by a court of the United States or by the highest court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state."

[2] "**(a)General Rule.** If state law permits, the court may certify a question of state law to that state's highest court. When the court certifies a question, the court retains jurisdiction pending the state court's response to the certified question.

**(b) Motion or Request.** A party may move to certify a question of state law by filing a separate motion or by including a request for certification in its brief."

leave. **A92-94; A106**. The District Court dismissed the action holding that the Connecticut General Assembly "intended to incorporate both the FLSA and the PTPA when enacting its overtime scheme." **A124**. If Plaintiffs are correct that the Connecticut General Assembly never intended that the PTPA would apply to the Connecticut Wage Act, then the ruling of the District Court will be reversed, and the case remanded for further proceedings. Applying the plain language of C.G.S. § 31-76b(2)(A), which includes "all time during which an employee is required by the employer to be on the employer's premises" as compensable work, will likely result in summary judgment for Plaintiffs and the class on their claims.

Further, there is no controlling decision, constitutional provision or statute addressing this issue. No plaintiff or defendant has ever presented this argument to the Connecticut Supreme or Appellate courts. Accordingly, there is no ruling from the Connecticut Supreme or Appellate Courts answering this novel question one way or the other.

Connecticut's Supreme Court should be given the opportunity to answer this important question. The *Munn* Court certified the following question to the Connecticut Supreme Court: "[d]oes Connecticut public policy support imposing a duty on a school to warn about or protect against the risk of a serious insect-borne disease when it organizes a trip abroad?" 795 F.3d at 337. This Court certified that question because its resolution could have significant impact on negligence

10

litigation in Connecticut and could affect whether schools assume the risk of

planning field trips or trips abroad:

> Defining the scope of a school's duty when it leads an international trip could have significant consequences for negligence litigation in Connecticut, which is home to many private and public schools. Although cost-benefit analysis in most cases assumes that all interested parties are represented in the case, this is not so here. The societal impact of finding a duty here extends far beyond Hotchkiss. To impose a duty on Connecticut schools to warn about or protect against risks as remote as tick-borne encephalitis might discourage field trips that serve important educational roles. If the costs imposed on schools and non-profit organizations become too high, such trips might be curtailed or cease completely, depriving children of valuable opportunities. Public policy may thus require that participants bear the risks of unlikely injuries and illnesses such as the one that occurred in this case so that institutions can continue to offer these activities. On the other hand, imposing a duty of reasonable care on Hotchkiss may not have the effect of increasing litigation. If schools take steps to protect students from foreseeable harms, legal actions may in fact decrease. Alternatively, those actions premised on an absolute demand to ensure student safety "as opposed to the failure ... to take reasonable precautions, likely will be dismissed in the absence of negligence." Balancing these factors is a task primarily for state decisionmakers rather than federal courts.

*Id.* at 334-35 (internal citations and footnote omitted).

Recently, the Sixth and Ninth Circuit Courts of Appeals have certified

similar questions as the one proposed here to the Pennsylvania and Oregon

Supreme Courts.

In *In re Amazon.com, Inc.*, the Sixth Circuit certified this question to the

Pennsylvania Supreme Court:

> Is time spent on an employer's premises waiting to undergo and undergoing mandatory security screening compensable as "hours worked" within the meaning of the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101 et seq.?

942 F.3d 297, 304 (6th Cir. 2019).

The Sixth Circuit certified this question because whether the PTPA applied to the plaintiffs' claims was a matter of "substantial public importance[.]" *Id.* at 302. ("[A]nswering the narrow security-screening question presented by this appeal necessarily requires answering the broader question of whether the Portal Act applies to PMWA claims. This question touches many more Pennsylvania workers and employers, as evidenced by the cases discussed below grappling with it.").

In *Buero v. Amazon.com Servs., Inc.*, the Ninth Circuit certified the following question to the Oregon Supreme Court:

> Under Oregon law, is time that employees spend on the employer's premises waiting for and undergoing mandatory security screenings compensable?

21 F.4th 623, 626 (9th Cir. 2021), *certified question accepted*, 369 Or. 339, 504 P.3d 1182 (2022), and *certified question answered,* 370 Or. 502, 521 P.3d 471 (2022).

The Ninth Circuit certified the question in part "because the Supreme Court has clearly ruled that comparable security screenings are not compensable under the Portal-to-Portal Act, the outcome of this case turns on whether Oregon law follows the federal scheme." *Id.*

Here, substantial policy reasons warrant certifying this case to the Connecticut Supreme Court. Whether the PTPA applies to Connecticut's Wage Act affects not only this case, but employers and employees throughout Connecticut – especially ones that operate similar warehouses in Connecticut.

Given the importance of this issue, state appellate and supreme courts around the country are deciding whether their state's legislatures intended to incorporate the provisions of the PTPA when they passed their state's wage laws. *In re: Amazon.com, Inc.*, 255 A.3d 191, 202 (Pa. 2021) ("[W]e will not judicially engraft such provisions thereon."); *Amaya v. DGS Construction, LLC*, 479 Md. 515 (2022) ("[T]he plain language of the MWHL, the MWPCL, and COMAR demonstrate that the P[T]PA has not been adopted or incorporated as part of Maryland law"); *Segura v. J.W. Drilling, Inc.*, 355 P.3d 845, 848 (N.M. App. 2015) (the district court erred by relying on cases interpreting the PTPA to decide a case under New Mexico law); *Morillion v. Royal Packing Co.*, 22 Cal.4th 575 (2000) (refusing to hold that the PTPA applied to California's wage laws "by implication"); *Anderson v. State, Dep't of Soc. & Health Servs.*, 63 P.3d 134, 136 (Wash. App. 2003) ("We are not persuaded that the Legislature intended to adopt the Portal to Portal Act; and we do not hold that it was adopted."); *Roberts v. State*, 253 Ariz. 259, 270 (2022) (holding that the Arizona Legislature did not incorporate the Portal-to-Portal Act into state statute governing overtime compensation for law

enforcement ); *Buero v. Amazon.com Servs., Inc.*, 370 Or. at 526-27 (2022) (*en banc*) (the PTPA provisions apply to Oregon's wage laws).

This court has held that it will only certify a question to the Connecticut Supreme Court if Connecticut law "is so uncertain that we can make no reasonable prediction" as to how it would apply in this case…" *Khan v. Yale Univ.*, 27 F.4th 805, 818 (2022). Of course, Plaintiffs believe that Connecticut's General Assembly never enacted anything called the "Connecticut PTPA" or implicitly incorporated the PTPA into its scheme. Nevertheless, Plaintiffs recognize that the Connecticut Supreme Court could disagree with them and could – as a matter of first impression – reach the same conclusion that the District Court reached. It is for this reason that they ask this court to certify this question to the Connecticut Supreme Court so that they may "be accorded the first opportunity to decide significant issues of state law through the certification process[.]" *Parrot*, 338 F.3d at 144.

*Khan* supports this motion. In *Khan*, the plaintiff, a Yale student, was accused by another student, "Jane Doe," of rape. 27 F.4th at 810. The plaintiff was suspended from the University and criminally charged. *Id.* at 810-11. After being acquitted at trial in his criminal case, the plaintiff returned to Yale. *Id.* at 811. When the plaintiff returned to Yale, the university conducted its own investigation into the sexual assault accusations. *Id.* at 816. Doe testified during those investigations, and Yale expelled the plaintiff. *Id.* The plaintiff sued Doe for defamation, but the

district court dismissed the case against Doe, holding that she enjoyed absolute immunity for her statements because they were in a "quasi-judicial proceeding[.]" *Id.* The district court applied quasi-judicial immunity to the investigation even though no Connecticut Supreme or Appellate court rulings had ever applied that doctrine to a private entity like Yale. *Id.*

This court certified the question to the Connecticut Supreme Court nevertheless because it was unable to predict that the Connecticut Supreme Court "would *never* recognize a non-government proceeding as quasi-judicial." *Id*. at 820 (emphasis in the original). Here, as in *Khan*, while no Connecticut Supreme or Appellate Court has ever held that the General Assembly "intended to" silently and implicitly passed a Connecticut version of the federal PTPA, it is impossible to conclude that the Connecticut Supreme Court would *never* do so.

## IV.   CONCLUSION

For the foregoing reasons, this court should certify this matter to the Connecticut Supreme Court to address the question of whether the Connecticut General Assembly intended to implicitly adopt the expressed provisions of the federal Portal to Portal Act into Connecticut's wage laws.

RESPECTFULLY SUBMITTED,

Dated: January 10, 2024

The Plaintiffs,
JAVIER DEL RIO, COLIN MEUNIER, and
AARON DELAROCHE, on behalf of
themselves and all other similarly situated
Employees,
By their Attorney,

*/s/ Richard E. Hayber*
Richard E. Hayber (ct116269)
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Tel: (860) 522-8888
Fax: (860) 218-9555
Email: rhayber@hayberlawfirm.com

## CERTIFICATION OF COMPLIANCE

Pursuant to the Federal Rules of Appellate Procedure 27(d)(2), I hereby certify that this Motion contains **2,629 words**, excluding the parts exempted by Rule 27(d)(2), as established by the word count of the computer program used for the preparation of this brief.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 27 Local Rule 27.1. This Motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 14-point size Times New Roman font.

Dated:  January 10, 2024                 */s/ Richard E. Hayber*
                                          Richard E. Hayber

## CERTIFICATION OF SERVICE

I, Richard E. Hayber, hereby certify that on January 10, 2024, I caused the foregoing Motion to Certify Question to the Connecticut Supreme Court to be electronically filed with the Clerk of the Court of Appeals for the Second Circuit using the CM/ECF system and to be served on all counsel of record.

*/s/ Richard E. Hayber*
Richard E. Hayber